This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                             **NO. 29,889**

**RENALDO DESCHENY,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh Dangler, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**BUSTAMANTE, Judge.**

Defendant entered into a conditional plea of guilty of possession of methamphetamine, reserving the right to appeal the denial of his motion to suppress evidence. We proposed to affirm the denial of his motion, and we have received a memorandum in opposition to our calendar notice. After careful review of Defendant's arguments, we feel confident that affirmance is appropriate in this case.

Defendant continues to claim that the officer did not have reasonable suspicion to detain him or ask for his identification. On review of a decision on a suppression motion, we view the facts in the light most favorable to the decision below and determine whether the law was correctly applied to the facts. *See State v. Harbison*, 2007-NMSC-016, ¶ 8, 141 N.M. 392, 156 P.3d 30. Factual determinations are reviewed for substantial evidence; application of the law to the facts is reviewed de novo. *Id.* With respect to decisions regarding reasonable suspicion, we conduct a de novo review. *Id.* For reasonable suspicion, the officer was required to have a particularized and objective basis for suspecting that Defendant was involved in criminal activity. *See State v. Funderburg*, 2008-NMSC-026, ¶ 15, 144 N.M. 37, 183 P.3d 922 (citation omitted).

Here, police were investigating a report that the occupants of the vehicle in which Defendant was riding were drinking alcohol. The vehicle was stopped and a DWI investigation was conducted on the driver. The investigating officer detected the

odor of alcohol when he contacted "the driver and occupants" of the vehicle. **[RP 54]** Consent to search the vehicle was granted, and the occupants were asked to exit the vehicle. As a result of the search, officers discovered an unopened alcohol container, a 40-oz bottle of beer that was partially consumed, drug paraphernalia, and court documents in the name of a Mr. Descheny. **[Id.]** The officer testified that he believed a crime had been committed based on the report that the vehicle's occupants were consuming alcohol, the open container in the vehicle, and the odor of alcohol. **[RP 56]** *See* NMSA 1978, § 66-8-138 (A) & (B) (2001) (prohibiting the drinking of alcohol or the possession of an open container of alcohol while in a motor vehicle on a public highway). Although Defendant, the only male in the vehicle, gave a different name, further investigation showed that Defendant was the person named in the court documents found in the vehicle. **[RP 57]**

As discussed in our calendar notice, the officer had reasonable suspicion that Defendant had engaged in criminal activity. Further detention in order to investigate the suspicion of criminal activity was justified under the circumstances. Moreover, Defendant gave a different name from the name on the court documents and Defendant was the only male occupant of the vehicle. The officer could conduct further investigation based on his suspicion that Defendant was concealing his identity.

3

For the reasons discussed in this opinion and in our calendar notice we affirm the district court's denial of Defendant's suppression motion.

**IT IS SO ORDERED**.

_____

**MICHAEL D. BUSTAMANTE, Judge**

**WE CONCUR:**

_____

**CELIA FOY CASTILLO, Judge**

_____

**TIMOTHY L. GARCIA, Judge**